UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DMITRI PLOTNIKOV,

          Plaintiff,

-against-

                                              07 CIV. 4088 (S.C.R.)

ELIZABETH A. LEDKOVSKY,

          Defendant.

# Plaintiff's Memorandum Of Law In Opposition to Defendant's Oral Request for the Dismissal of Plaintiff's Action, Pursuant to the Federal Doctrine of Abstention

Respectfully Submitted By:

THOMAS F. VASTI, III, ESQ.
Attorney Bar Code No. : TV8363
Date Admitted : 06/1993
VASTI & VASTI, P.C.
Attorneys for Plaintiff
Post Office Box 656
1733 Main Street, (Route 44)
Pleasant Valley, NY 12569
(845)/ 635 – 8866

*Page 1 of 6*

TABLE OF CONTENTS:

POINT I - It Would Be Inappropriate For This Federal Court To Abstain From Exercising Jurisdiction Of This Action Under the Hague Convention When The Issues And Facts Underlying A Hague Convention Action Have Not Been Litigated Or Raised In The Custody And Family Offense Proceedings Pending In The State Court..................................................................................................................................3

TABLE OF AUTHORITIES:

Cases:

*Colorado River v. United States,* 424 U.S. 800, 96 S.Ct. 1236 (1976)..........................................4

*County of Allegheny v. Frank Mashuda Co.* 360 U.S. 185, 79 S.Ct. 1060 (1959).......................4

*Grieve v. Tamerin*, 2000 WL 1240199 (E.D.N.Y. 2000).................................................................5

*Yang v. Tsui*, 416 F.3d 199 (3rd Cir. 2005)..........................................................................3, *passim*

*Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)..........................................3

Statutes:

*42 U.S.C.A. §§ 11601, 11602 & 11603(ICARA)*...........................................................................3

67A C.J.S. Parent and Child § 103 (Uniform Child Custody Jurisdiction and Enforcement Act "UCCJEA")......................................................................................................................................5

*International Child Abduction Convention Between the United States of America and Other Governments Done at the Hague October 25, 1980 ("The Hague Convention")*....................3, *passim*

McKinney's DRL § 76......................................................................................................................5

## POINT I

**IT WOULD BE INAPPROPRIATE FOR THIS FEDERAL COURT TO ABSTAIN FROM EXERCISING JURISDICTION OF THIS ACTION UNDER THE HAGUE CONVENTION WHEN THE ISSUES AND FACTS UNDERLYING A HAGUE CONVENTION ACTION HAVE NOT BEEN LITIGATED OR RAISED IN THE CUSTODY AND FAMILY OFFENSE PROCEEDINGS PENDING IN THE STATE COURT**

The *Younger* Abstention Doctrine (arising out of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)) requires the determination of three questions before the Abstention Doctrine may be applied: (1) whether the federal proceeding will interfere with an ongoing state proceeding; (2) whether the state court proceedings implicate important state interests; and (3) whether the state proceedings afford an adequate opportunity to raise federal claims. *Yang v. Tsui*, 416 F.3d 199 (3rd Cir. 2005).

The Court of Appeals in the *Yang* case held that abstention is not appropriate "[i]n a situation where there is a state court custody proceeding and a petition is filed in federal court under the Hague Convention, but the Hague Convention has not been raised, *or raised but not litigated*, in the state court..." *Yang* at 202. *Emphasis added*. The Court in *Yang* did not find that the federal Hague proceeding would interfere with the state custody proceeding because the two proceedings involved different subject matter. That is, a custody proceeding involves findings pertaining to the best interests of the children and relies upon state domestic relations law. On the other hand, a Hague Convention action involves findings that a parent has wrongfully removed or retained a child and findings of where the child's habitual residence is located. With respect to the second prong of the *Younger* analysis, the *Yang* Court, while admitting that family law is an important state interest, found that wrongful removal and child abduction across national boundaries was of equal import, and stated that "...the Hague Convention and ICARA [would be] meaningless if a federal court abstained in a Hague Convention Petition because child custody was being disputed in state court." *Yang* at 204. With respect to the third prong of the *Younger* analysis, the *Yang* court noted that Congress gave state and federal courts concurrent jurisdiction under ICARA and that there is no language that requires a petitioner to raise a Hague Convention issue in state court. *Yang* at 204. It is also important to note that the *Yang* court states that the purpose of the Hague Convention is to determine the appropriate jurisdiction where the issue of custody is to be determined. According to the *Yang* court, "it is consistent with this purpose that it is the custody determination, not the Hague Convention Petition, that should be held in abeyance if proceedings are going forward in both state and federal courts." *Yang* at 203.

The United States Supreme Court in *Colorado River v. United States,* 424 U.S. 800, 96 S.Ct. 1236 (1976) expresses the belief that "[t]he doctrine of abstention ... is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id.* at 813. Furthermore, the Supreme Court, quoting *County of Allegheny v. Frank Mashuda Co.* 360 U.S. 185, 79 S.Ct. 1060 (1959), states "[i]t was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a state court could entertain it." *Colorado River* at 814.

The case at bar is almost entirely identical to the *Yang* case, in that it involves the filing of a Hague Convention action in federal district court while a custody proceeding is pending before a state court. The only apparent difference in the case at bar arises from the fact that some of the issues underlying a Hague Convention action were raised in a motion to dismiss submitted by the Plaintiff, Dmitri Plotnikov, to the state court. While some of the issues central to Mr. Plotnikov's Hague Convention action were indeed raised in the state court proceeding, they were raised in a special (pre-answer) appearance, solely to contest the state court's subject matter jurisdiction. In fact, the bulk of the Plaintiff's motion to dismiss the state proceeding involved issues of personal jurisdiction which were entirely separate from issues involving the present Hague Convention action. The Plaintiff did not file a Petition in the state court under the Hague Convention, and he did not, at any time, request that the state court make a determination upon the issues of wrongful removal or retention by the Defendant, Elizabeth Ledkovsky, or upon the issue of whether the parties' childrens' habitual residence was Germany. Therefore, while some of the issues (albeit only a few), underlying this Hague Convention action, may have been raised in the state court, such issues were neither properly nor fully litigated by the state court.

The Plaintiff contended that Article 16 of the Hague Convention "pre-empted" the state court from issuing any determination of custody until the issue of wrongful retention or removal was decided by this federal court. Mr. Plotnikov's pre-answer motion provided notice of his intention to file a federal claim under the Hague Convention before any decision was rendered by the state court; and Mr. Plotnikov actually filed the federal claim more than one (1) month before the state court decision was issued. For this reason, and for many others, Mr. Plotnikov intends to appeal the state court decision, which cannot be deemed a "final" decision at the present time.

Moreover, and at best, the portion of the state court's decision pertaining to the issue of wrongful removal and retention under the Hague Convention must be considered dicta, as such issue was not before the state court to decide.

The Defendant will rely upon the case of *Grieve v. Tamerin*, 2000 WL 1240199 (E.D.N.Y. 2000). This case contradicts the holding in *Yang* for one reason. Unlike the case at bar and the *Yang* case, the plaintiff in the *Grieve* case filed a Hague Convention petition in both the state court and the federal court. *Grieve* at 3. Therefore, the *Grieve* plaintiff petitioned the state court to litigate the issues of a Hague Convention Action; and clearly, the federal court action would "interfere with an ongoing state proceeding" because both courts have the same subject matter and the same exact issues before it. Although, in the case at bar, Family Court Judge Damian J. Amodeo made factual findings on the issue of wrongful removal and habitual residence, he was not at any time asked to do so by either Mr. Plotnikov or Mrs. Ledkovsky. Although a state court custody proceeding was commenced against Mr. Plotnikov, pursuant to the UCCJEA and the New York State Domestic Relations Law, it was appropriate for Mr. Plotnikov later to bring a Hague Convention action in the federal court to compel the return of his children to Germany, as it is Mr. Plotnikov's contention that his wife's removal and retention of the children were committed under various misrepresentations (all pertaining to claims of vacation rather than relocation of permanent residence) – which allowed Mrs. Ledkovsky to improperly satisfy the six (6) month residency requirement set forth in Section 103 of the Uniform Child Custody Jurisdiction and Enforcement Act and Section 76 of the New York State Domestic Relations Law.

Whether the New York State court system or the German system is permitted to decide the ultimate issue of custody is secondary to the threshold determination of wrongful removal and retention under the Hague Convention, which claims were properly filed in this federal court before the state court issued its underlying decision. In turn, this federal court is neither bound nor precluded by the existence and issuance of the state court's decision, as such decision should never have been issued in the first instance. The state court had actual notice and knowledge that a federal Hague Convention action had been filed. Accordingly, this Court should not only proceed with the determination of the Plaintiff's Hague Convention Petition, but should also hold the state court action in abeyance as was the enunciated holding by the 3rd Circuit Court of Appeals in *Yang*. (See *Yang* at 203).

In light of the foregoing, this Court is strongly urged to entertain subject matter jurisdiction of this case and to refrain from invoking the abstention doctrine.


Dated: Pleasant Valley, NY
       July 12, 2007

Respectfully Submitted:

_[signature]_

THOMAS F. VASTI, III, ESQ.
Attorney Bar Code No. : TV8363
Date Admitted : 06/1993
VASTI & VASTI, P.C.
Attorneys for Plaintiff
Post Office Box 656
1733 Main Street, (Route 44)
Pleasant Valley, NY  12569
(845)/ 635 – 8866
