UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DMITRI PLOTNIKOV,

                         Plaintiff

-against-

ELIZABETH A. LEDKOVSKY,

                         Defendant.

-----------------------------------------------------------x

Case No.: 07 Civ. 4088

**MEMORANDUM OF LAW**

## FACTS

The Plaintiff-Father filed a "Hague Convention" action in the Federal District Court on May 25, 2007 seeking an Order of return with respect to the parties' two (2) children. Over six (6) months before that, the Defendant-Mother filed custody and family offense petitions with the Dutchess County New York Family Court. As a result of the Mother's state court filing, she obtained sole custody of the parties' children and, pursuant to the family offense petition, an order of protection forbidding the Father from any contact with either her or the children. The Father, who admittedly engaged in an elaborate scheme to avoid being served with the custody and family offense petitions, moved to dismiss both those petitions claiming that the Family Court lacked personal jurisdiction and, most significantly to the issues now before the Federal District Court, on the grounds that the Hague Convention preempted the state court action.

The Father's motion to dismiss was fully briefed and resulted in a decision of the Dutchess County Family Court (Damian J. Amodeo, FCJ) dated June 22, 2007.

1

That decision was transmitted directly by the Dutchess County Family Court to this Court. Judge Amodeo's decision found facts and made conclusions of law that are directly applicable to the Federal Court Hague Convention claim of the Father. Particularly, Judge Amodeo found that he has subject matter jurisdiction to make a custody determination under Article 75 of the Domestic Relations Law. He found that the Hague Convention had no relevance to the Mother's family offense proceeding. Judge Amodeo found that the home state of the children is New York, as home state is defined under New York Law. In that regard, Judge Amodeo found that the children had been living in New York for seven (7) months prior to the time that the state court proceeding was filed on December 14, 2006. And, although Judge Amodeo did not cite this fact, the children had been living in New York for almost one (1) year prior to the time the Father filed his Hague Convention action in the Federal District Court.

Judge Amodeo held that the Father's claim that the Hague Convention preempted state court jurisdiction was meritless. He held that under Domestic Relations Law Section 77a the state court has jurisdiction under the Hague Convention to enforce an order of return. Judge Amodeo, after a thorough recitation of the facts, held that the Hague Convention is not applicable because the "Habitual" residence of the parties' children was New York at the time of the Father's filing and because it is only applicable were there is a wrongful removal or retention, neither of which the Father established. Judge Amodeo granted the Mother's cross-motion for an Order authorizing alternative service, given the

2

Father's admitted evasion of service; he granted temporary child support to the Mother and continued the Order of Protection in favor of both the Mother and the children. Judge Amodeo scheduled further proceedings before the Dutchess County Family Court on August 24, 2007.

## COLLATERAL ESTOPPEL/RES JUDICATA

The Father has previously moved to dismiss the state court proceeding claiming Hague Convention preemption. That issue was actually litigated and decided. The Father had a full and fair opportunity to litigate that issue before the Dutchess County Family Court and resolution of the Father's Hague Convention claim was necessary to support a valid and final judgment on the merits. Therefore, principals of issue/claim preclusion authorize dismissal. See, <u>Ponterio v. Kaye</u>, Slip Copy, 2007 WL 141053 S.D.N.Y., 2007; <u>Grieve v. Tamerin,</u> 269 F.3d 149 C.A.2 (N.Y.) 2001. Both issue and claim preclusion bar the federal court action. The only factor mitigating against the immediate finding of issue/claim preclusion is the fact that the Father's time to appeal from the Dutchess County Family Court decision has not expired. If the lack of a final non-appealable judgment is determinative, it is respectfully submitted that the federal proceedings should be stayed until the state court order becomes final.

## COLORADO ABSTENTION

Colorado River Abstention involves consideration of 6 factures. Colorado River, 424 U.S. at 817, 96 S.Ct. 1236. They are (1) jurisdiction over a res or property; (2) inconvenience of the federal forum; (3) avoidance of piecemeal litigation; (4) the

3

order in which jurisdiction was obtained; (5) whether state or federal law applies; (6) whether the state forum would adequately protect the rights of the party seeking to invoke federal jurisdiction.  All factors except the first mitigate in favor of abstention.

### YOUNGER ABSTENTION/ROOKER-FELDMAN

The "Younger" abstention doctrine involves analysis of three (3) factors.  They are (1) whether there is a pending state proceeding; (2) that implicates an important state interest; and (3) whether the state proceeding affords the federal Plaintiff an adequate opportunity for judicial review of federal claims.  See, *Spargo v. New York State Com'n on Judicial Conduct*, 351 F.3d 65 C.A.2 (N.Y.), 2003 and has been applied to bar a federal court Hague Convention case.  *Grieve v. Tamerin,* WL 1240199 E.D.N.Y., 2000.

Rooker-Feldman abstention acts to bar state-court losers from complaining in federal courts about state-court judgments rendered before the federal court action was filed. *Ponterio v. Kaye*, supra., where Judge Baer held that a federal action was barred by principals of issue/claim preclusion and both the Younger and Rooker-Feldman abstention doctrines.

### CONCLUSION

Whether this Court exercises its discretion under Younger or the Rooker-Feldman abstention doctrines, or principals of issue/claim preclusion, this action should be dismissed or, at the very least, stayed until the state court action is resolved.

4

## TABLE OF CASES

*Ponterio v. Kaye,* Slip Copy, 2007 WL 141053 S.D.N.Y., 2007

*Grieve v. Tamerin,* 269 F.3d 149 C.A.2 (N.Y.), 2001

*Colorado River Water Conservation Dist v. U.S.* 424 U.S. 800, 96 S.Ct 1236 U.S. Colo., 1976

*Spargo v. New York State Com'n on Judicial Conduct,* 351 F.3d 65 C.A.2 (N.Y.), 2003

*Grieve v. Tamerin,* WL 1240199 E.D.N.Y., 2000