UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DMITRI PLOTNIKOV,

    Plaintiff,

v.

ELIZABETH A. LEDKOVSKY,

    Defendant.

07 Civ. 4088 (SCR)

ORDER

---

**STEPHEN C. ROBINSON, District Judge:**

  Plaintiff Dmitri Plotnikov brought this petition under the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601 ("ICARA"). Plaintiff seeks an order returning his children to Germany pursuant to the terms of the Hague Convention. For the reasons below, plaintiff's petition is dismissed.

## I. Background

  It is unnecessary for this court to go through a detailed factual background of this case. In short, Plaintiff and his wife Elena A. Ledkovsky ("defendant") are both U.S. citizens. Plaintiff alleges that he and his wife lived in Berlin since August 1, 2001. They have two children, Sebastian (age 3 ½) and Magdalena (age 2). Both children were born in Germany, but are U.S. citizens. In May 2006, defendant brought the children to the United States. In December 2006, defendant initiated proceedings against plaintiff in New York state family court, seeking sole custody of the children.

  In the family court proceeding, plaintiff filed a motion to dismiss on the grounds of lack of personal jurisdiction, and lack of subject matter jurisdiction on the basis of the Hague Convention and the ICARA. On May 25, 2007, plaintiff filed the instant petition, seeking an order returning the children to Berlin, Germany. Plaintiff also sought an order dismissing defendant's state court proceedings. The Court scheduled a hearing on plaintiff's petition for June 28, 2007.

  On June 22, 2007, the family court issued an order denying plaintiff's motion to dismiss the family court proceedings. In ruling on the issue of subject matter jurisdiction, the family court specifically held that the Hague Convention did not apply to plaintiff's case because the habitual residence of the children is New York, not Germany. *Ledkovsky v. Plotnikov*, Nos. 06126/27-06, 06129-06, at 8-9 (N.Y. Fam. Ct. June 22, 2007). Thereafter, the Court adjourned the scheduled hearing on plaintiff's Hague Convention petition, and sought supplemental briefing on whether plaintiff's federal petition should be dismissed.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

1

## II. *Colorado River* Abstention

The Supreme Court has held that in "exceptional circumstances", a federal court may abstain from jurisdiction in order to avoid interference state proceedings. Such abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976); *see also Sheerbonnet, Ltd. v. American Express Bank*, 17 F.3d 46, 49 (2d Cir. 1994).

Application of the *Colorado River* abstention doctrine requires the balancing of six factors: "(1) assumption of jurisdiction over a *res*; (2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of decision; and (6) protection of the federal plaintiff's rights." *De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989); *Boris Kucher v. Alternative Treatment Ctr. of Paterson, LLC*, No. 05 Civ. 3733, 2006 U.S. Dist. LEXIS 62666, *5 (E.D.N.Y. August 29, 2006). Abstention under *Colorado River* is only appropriate where there are parallel or concurrent state court proceedings. *In re Comverse Tech., Inc.*, No. 06 Civ. 1849, 2006 U.S. Dist. LEXIS 80195, *5 (E.D.N.Y. November 3, 2006). A parallel proceeding typically involves substantially the same parties contemporaneously litigating substantially the same issues, and a substantial likelihood that the state litigation will dispose of all claims in the federal case. *Id.* at *5-6.

In this case, abstention is appropriate. "A petitioner cannot invoke the protection of the Hague Convention unless the child to whom the petition relates is 'habitually resident' in a State signatory to the Convention and has been removed to or retained in a different State." *Gitter v. Gitter*, 396 F.3d 124, 130 (2d Cir. 2005). Here, the family court ruled that the Hague Convention was inapplicable because plaintiff's children were not habitual residents of Germany, and in fact habitually resided in New York.[1] This ruling disposes of plaintiff's federal claims. To hold otherwise would require this Court to sit in review of the family court's decision.[2]

Moreover, the factors outline by the Second Circuit in *De Cisneros* weigh in favor of abstention. The Court notes that the family court is better suited than this Court to rule on issues of domestic relations. In addition, litigating plaintiff's Hague Convention petition in the family court avoids the situation of piecemeal litigation, whereby the merits of plaintiff's Hague Convention petition are litigated in this Court, while other custodial issues are litigated in the family court. In addition, the family court petition was filed first in this case. Finally, there is no indication that plaintiff's federal rights will not be amply protected in the New York state courts

---

[1] While it is not necessarily relevant to the abstention issue, the Court notes that the family court's ruling was based on findings that: 1) plaintiff acquiesced to defendant moving to New York with his children in May 2006; 2) plaintiff signing an agreement providing for separate residences, giving custody of the children to defendant, and allowing her to determine domicile; 3) plaintiff assisting in his son applying to attend school in New York.; and 4) plaintiff being in regular contact with his children and their mother after they re-located to New York.

[2] While defendant did raise the issue, the Court notes that abstention under the *Rooker-Feldman* doctrine is not appropriate because the federal action was initiated prior to the state court entering judgment. *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). In addition, "[w]hen there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005)(noting that while in such a situation, *Colorado River* abstention might apply, "neither *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains sub judice in a federal court.").

since plaintiff can pursue his habeas petition, and appeal from any final judgment from the family court, within that system. Accordingly, abstention under *Colorado River* is appropriate.

### III. Conclusion

For the reasons stated above, plaintiff's complaint is dismissed. In so ruling, the Court does not reach the merits of plaintiff's Hague Convention petition. The clerk of the court is directed to close the case.

*It is so ordered.*

White Plains, New York
Dated: July 20, 2007

Stephen C. Robinson
United States District Judge